The opinion nf the Court was afterwards delivered by
Parsons, C. J.
The question referred to our decision in this case is, whether the direction of the judge to the jury was right.
As the schooner, by the first policy, was insured to, at, and from, Martinico, against all the usual risks, the assurers were already answerable for all those risks, in which the risks resulting from a blockade are not to be included. The words of the memorandum are also general, and by it no property is covered, and no risks are insured against, but those which are contained in the policy. On this view of the subject, without considering the motives or grounds of making the memorandum, the insurance thereby effected must be considered as a double insurance, and the premium cannot be recovered.
But the plaintiff contends that the representation of the motives and grounds of making the memorandum is to be considered as part of it; and taking them in conjunction, it appears that the underwriters took upon them a new risk, for which they were not answerable by the policy; that by the memorandum they were made liable not only for all risks arising from the supposed existing blockade of Martinico, but also from any blockade that might afterwards be formed of that island.
If the plaintiff’s construction of the representation and memorandum be right, the conclusion seems to be reasonable. His case will then be within the rule which entitles assurers to all premiums for assuming risks, for which they may, by any possibility, be answerable.
[ * 60 ] * But we are satisfied that the plaintiff is mistaken in his construction. To us it appears, from the representation on which the memorandum was made, that the parties contemplated no other risks, but those arising from an existing blockade, and that the memorandum can be extended to no other risks ; therefore any loss happening from any future blockade could not be a charge on the insurers.
If we are right in this opinion, the memorandum does not extend to any risks, except those which might arise from a blockade, which the jury have found never existed. There could not, therefore, be any possible loss incurred by the underwriters in consequence of making the memorandum. And as the memorandum was made through innocent error, and without any fraud, it is void, and the *59 premium, stipulated as the consideration for making it, canna be recovered. It is, therefore, our opinion that the direction of the judge was right, and that the verdict must stand, (a)

Bet judgment be entered according to the verdict.

 [How could the Court properly ascertain what risks were contemplated, but by the terms of the memorandum, and the policy, on the back of which it was written ? Mellen & Al. vs. The National Ins. Co., 1 Hall, 452.— Ed.]