Richards *against* the Marine Insurance Company.

ALBANY,
August, 1808.

Richards
v.
Marine Insur-
Company.

THIS was an action on a policy of insurance on *goods,* " laden or to be laden on board the schooner called the *Beaver,*" &c. from *Nevitas,* in the island of *Cuba,* to *New-York,* " beginning the adventure, &c. from and immediately following the loading thereof on board of the said vessel at *Nevitas,* in *Cuba.*"

The cause was tried at the *New-York* sittings, on the 23d *April,* 1806, before Mr. Justice *Spencer.*

The vessel sailed from *New-York,* on the 6th *September,* 1802, with a cargo of flour, lard, &c. She arrived at *Nevitas,* but was permitted to sell a small part only of her outward cargo there, and the master set sail, on the 16th *October,* 1802, for the island of *Jamaica,* with the residue of the outward cargo, with which the vessel had arrived at *Nevitas,* except some trifling articles that had been sold, at the latter place. While proceeding from *Nevitas* for *Jamaica,* the vessel was wholly lost by the perils of the sea.

The defendants, on the trial, insisted, that no cargo having been put on board the vessel at *Nevitas,* and that she having sailed with the same cargo that she brought from *New-York,* the policy never attached ; and that, consequently, the plaintiff could only be entitled to a return of premium. The judge being of that opinion, the jury, by his directions, found a verdict for the plaintiff, for the amount of the premium only.

The plaintiff moved for a new trial on three grounds.

1. That the goods on board at *Nevitas,* being part of the original cargo, intended for a trading voyage, the policy attached on the goods actually on board at that place.

2. Because, of the discovery of new and material evidence.

3. Because, of the misdirection of the judge.

*Goods were insured from Nevitas, in the island of Cuba, "beginning the adventure, &c. from and immediately following the loading thereof on board of the vessel at Nevitas, in Cuba." The vessel sailed with a cargo of goods from New-York, and arrived at Nevitas, but not being allowed to land the goods there, except a few trifling articles, she sailed again from Nevitas, with the outward cargo on board, for Jamaica, and while proceeding to that place, was wholly lost by the perils of the sea. It was held, that the policy did not attach to the outward cargo, which continued on board at Nevitas, and until the vessel was lost, and that the insured could only recover back the premium he had paid.*

Richards
v.
Marine Insur.
Company.

The affidavit of the newly discovered evidence, stated that the plaintiff being embarrassed, had assigned the policy to *Abraham King* and *Andrew Cock*, for whose benefit the suit was brought ; that the plaintiff afterwards removed to the county of *St. Lawrence*, where he now resides ; that since the trial, the assignees had been informed, for the first time, that the defendants, prior to the date of the present policy, had subscribed a policy of insurance on the same cargo, on board of the same vessel, on her outward voyage from *New-York* to *Nevitas*, and that such policy was subscribed with a full knowledge that permission could not be obtained at *Nevitas*, to land the outward cargo there, and that the policy on which this suit was brought, was intended to cover the outward cargo on board, at and from *Nevitas*.

*2 Caines, 339.*

*† 4 East, 130.*

*Colden*, for the defendant, relied on the case of *Graves* and *Scriba* v. *The Marine Insurance Company*,* the doctrine of which, he said, was confirmed by a similar decision, in *Robinson* and *Thompson* v. *French*,† in *England*.

*Hoffman* and *Harison*, for the plaintiff, contended, that the present case was distinguishable from that of *Graves* and *Scriba* v. *The Marine Insurance Company*, and came within the decision of *Vredenbergh* v. *Gracie*, cited (from MS.) by Mr. Justice *Livingston*, where the policy was considered as attached to the outward cargo, because the underwriters were informed that the goods intended to be insured, were shipped at *New-York*, and were designed for a trading voyage in the *West-Indies*, where it is not usual to carry the produce of one island to another.

SPENCER, J. delivered the opinion of the court. I continue to be of the same opinion I gave on the trial of this cause, that the policy never attached. Since the decision of the case of *Graves* and *Scriba* v. *The Marine Insurance Company*, I should have supposed the point at rest in this court. It cannot be necessary to reiterate an opinion on facts so precisely similar. This policy declares the adventure to be " upon goods and merchandizes from and imme-

diately following the lading thereof on board the said vessel at *Nevitas*." Now no goods were so laden, but the cargo had been on board from the time of the vessel's sailing from *New-York*. According to the grammatical construction, and the understanding of the parties, to be deduced from the use of expressions perfectly well settled by decisions, and explicit in themselves, the subject-matter of the insurance was goods to be taken on board or laden at *Nevitas*.

To bring this case within that of *Vredenbergh* v. *Gracie*, an affidavit has been produced, made by the assignees of the policy, that the defendants underwrote another policy on the cargo of the same vessel, from *New-York* to *Nevitas*, and prior in date to the policy now in question, with the full knowledge, on the part of the defendants, that permission could not be obtained at *Nevitas*, to discharge the outward cargo there, and that this policy was intended to cover and insure the outward cargo laden at *New-York*.

I do not feel myself called upon to say, whether these facts would, or would not bring the case within that of *Vredenbergh* v. *Gracie*, there having been no good reasons offered, for not introducing the evidence at the trial. There can be no pretence of surprise on the party or counsel, and there was gross *laches* in not producing the proof, if it existed.

The court are, therefore, of opinion, that the plaintiff can take nothing by his motion.

THOMPSON, J. not having heard the argument in the cause, gave no opinion.

Rule refused.