WALLER v. THE NORTHERN ASSURANCE CO.

THE SAME v. THE IMPERIAL FIRE INSURANCE CO.

1. **Insurance**: POLICY VOID AB INITIO: NO FRAUD: PREMIUM RECOVERED BACK. Where policies of insurance were issued to plaintiff upon property in which he had the interest of a mortgagee only, but that fact was not represented to the companies and expressed in the written part of the policies, and the policies provided that, if the interest of the assured was any other than the unconditional and sole ownership, such fact must be represented to the companies, and expressed in the written part of the policies, *held* that the policies were void *ab initio*, and that, no fraud or deception being shown on the part of the assured, he was entitled to recover back the premiums paid to the companies as money had and received by them to his use, whether loss had occurred to the property or not. See authorities collated by Beck, J., in opinion.

2. ———: ACTION ON POLICY LIMITED TO ONE YEAR: THE PROVISION RESTRICTED. Where a policy of insurance provided that no action should be sustainable "for the recovery of any claim by virtue of this policy," unless commenced within one year next after the fire should occur, *held* that this provision had no relevancy to an action to recover back premiums paid upon a policy which was void *ab initio*,—such action not being based upon the policy, because, in contemplation of law, there was no policy.

*Appeal from Dubuque Circuit Court.*

TUESDAY, JUNE 10.

THESE are actions at law to recover for money paid as premiums upon certain policies of insurance successively issued to plaintiff, the last one being held void, in an action thereon to recover for a loss, on the ground that the assured held but a mortgage interest in the property insured, while the policy was issued to him as the absolute owner. The cause was tried to the court without a jury, and, upon facts found, judgment was rendered for the premiums paid upon the last policy. Plaintiff appeals. The same state of facts being involved in each case, they were tried together in the court below, and were submitted in the same manner in this court.

Waller v. The Northern Assurance Co. et al.

*Henderson, Hurd & Daniels*, for appellant.

*Fouke & Lyon*, for appellees.

BECK, J.—I.   The district court made the following findings of facts:

"1.   Plaintiff was the holder of the. legal and apparent title to the property in question, but in fact held the same only as security for a debt due him from Gen. C. H. Booth, who, subject to said debt, was the equitable owner of the property.

"2.   Such being the state of the title, plaintiff's agent, Duncan, applied to defendant's agent, Kiene, for $5,000 insurance on the property for plaintiff.

"3.   I find no evidence establishing actual fraud on the part of plaintiff or his agent, in making said representation as to the title of said property.

"4.   The true state of the title was not known to defendants or their agent, other than as appears above.

"5.   Upon this state of facts, plaintiff paid Kiene on November 15, 1878, $100, and received policy No. 100,521, introduced in evidence, and hereby referred to as a part of this finding.

"6.   On November 15, 1879, plaintiff again paid Kiene $100, and received the renewal receipt, an agreed copy of which was filed, and is hereby referred to as a part of this finding.

"7.   In June, 1880, the property was injured by fire.

"8.   Defendants refused to pay the loss, and plaintiff brought suits against them in United States circuit court for the district of Iowa, the proceedings and result of which suits are shown by the following documents, hereby referred to and made a part of this finding, namely:   The original papers, and proceedings connected with suits, introduced in evidence here, and the stipulation filed here January 11, 1883.

"9.   Upon this state facts, plaintiff brought these actions for the return of the premiums (and certain other permiums not stated above) and interest."

The other premiums paid by plaintiff, referred to in the ninth finding of facts, were upon the other policies and renewals, issued November 7, 1876, and November 7, 1877. The policies were all issued to plaintiff as the absolute owner of the property insured, while in fact his interest was no other than that of a mortgagee. The facts found by the court, and the others just stated, are in accord with the admissions of the pleadings and undisputed evidence. The court found, as a conclusion of law, upon these facts, that plaintiff is entitled to recover no more than the amount of the premiums, with interest, paid upon the policy last issued, November 15, 1879. The two defendants united in the execution of each policy.

II. A condition of the policy provides that, "if the interest of the assured in the property be any other than the entire, unconditional and sole ownership of the property, for the use and benefit of the assured, * * * * * * *, it must be so represented to these companies, and so expressed in the written part of this policy, otherwise the policy shall be void." Under this condition, each of the policies was absolutely void, and incapable of binding or being enforced against defendants. And, in an action upon the one last issued, its invalidity was pleaded by defendants and adjudicated by the courts. As the other policies in no respect differ as to their conditions, or the facts pertaining to each contract, upon which its validity depends, each is in fact invalid in law, and defendants cannot now be heard to deny its invalidity. We can discover no ground upon which to base a distinction as to the rights of plaintiff under the several policies, and growing out of the several transactions. Each presents the case of a payment of money by plaintiff, and a failure to receive any consideration therefor, without any fraud or deception practiced by him. It is the simple case of money paid in good faith, and nothing in return received. No element of fraud exists which defeats plaintiff's rights. Nor is it a case of voluntary payment, for it was made with the expectation of receiving a

*1. INSURANCE: policy void ab initio: no fraud: premiums recovered back.*

consideration in return, which has wholly failed, for the reason that the policy did not bind defendants. Under familiar rules of the law, plaintiff is entitled to recover the amount of the premiums paid as money had and received to his use. This doctrine has often been recognized by the authorities as applicable in actions for the recovery of money paid as premiums upon policies when the risk did not attach, or the contract was void *ab initio*. *Taylor v. Sumner*, 4 Mass., 56; *Richards v. Marine Insurance Company*, 3 Johns., 307; *Murray v. Columbian Ins. Co.*, 4 Johns., 443; *Elbers et al v. U. S. Ins. Co.*, 16 Id., 129; *Delavigne v. U. S. Ins. Co.*, 1 Johns. Cas., 310; *Murray v. U. S. Ins. Co.*, 2 Id., 168; *Robertson & Brown v. U. S. Ins. Co.*, Id., 250; *Holmes v. U. S. Ins. Co.*, Id., 329; *Jackson v. N. Y. Ins. Co.*, Id., 191; *Forbes v. Church*, 3 Id., 159; *Stineback v. Rhinelander*, Id., 269; *Donath v. Ins. Co. of N. A.*, 4 Dall., 463; *Mut. Ins. Co. v. Mahon*, 5 Call, (Va.) 517; *Clark et al. v. Manufacturer's Ins. Co.*, 2 W. & M., 473; *Scriba v. Ins. Co. of N. A.*, 2 Wash. C. C., 107; *Stevenson v. Snow*, 3 Burr., 1237; *Feise v. Parkinson*, 4 Taunt., 640; *Routh v. Thompson*, 11 East, 428; *Oom et al. v. Bruce*, 12 East, 225; *Penson v. Lee*, 2 B. & P., 330; *Hentig et al. v. Staniforth*, 5 M. & S., 122; *Colby et al. v. Hunter*, 3 Car. & P., 7; May on Ins., § 4; 4 Wait's Actions & Defenses, p. 119.

III. The right of the assured to recover the sum paid as premiums upon the policy is not dependent upon the loss of the property which he intended to insure. His right is based upon the fact that the policy was void *ab initio*. Hence the destruction of the property does not create or support his right. In the following cases, above cited, recovery was allowed when there had been no loss. *Taylor v. Sumner*, 4 Mass., 56; *Murray v. Columbian Ins. Co.*, 4 Johns., 443; *Holmes v. U. S. Ins. Co.*, 2 Johns. Cas., 329; *Steinback v. Rhinelander*, 3 Id., 269; *Scriba v. Ins. Co. of N. A.*, 2 Wash. C. C., 107; *Oom v Bruce*, 12 East, 225.

THE SAME.

Plaintiff, therefore, is not defeated of recovery of the prem-

Waller v. The Northern Assurance Co. et al.

iums paid upon the policies issued before the one under which he claimed in his action in the United States circuit court, on the ground that no loss had accrued on these policies.

IV. By a condition of the policies, it was provided "that no suit or action against these companies, or either of them, for the recovery of any claim by virtue of this policy, shall be sustainable in any court of law or chancery, unless such suit or action shall be commenced within twelve months next after the fire shall occur; and, should any suit or action be commenced against these companies, or either of them, after the expiration of the aforesaid twelve months, the lapse of time shall be taken and deemed as conclusive evidence against the validity of such claim, any statute of limitation to the contrary notwithstanding." Defendants insist that the action is barred by the terms of this condition. This position is clearly untenable. The action is not based upon the policy; indeed, it is founded on the fact that the policy was void *ab initio*—that there was in effect no policy. The provision clearly relates to actions to recover on the policy for loss sustained. Actions of the character of the one before us are not within the contemplation of the provision.

*2. ——: action on policy limited to one year: provision restricted.*

The foregoing discussion disposes of all questions considered by counsel. We reach the conclusion that the district court erred in holding that plaintiff is not entitled to recover for all premiums paid upon all policies or renewals issued to him, for which he seeks to recover in this action. The judgment of the court below is reversed, and the cause is remanded for further proceedings in harmony with this opinion.

REVERSED.