P. & E. FINANCE CO. v. GLOBE & REPUBLIC INS. CO. OF AMERICA et al.

No. 33851. March 27, 1951.

Rehearing Denied Jan. 15, 1952.

*239 P. 2d 1009.*

Washington & Thompson, Oklahoma City, for plaintiff in error.

Rittenhouse, Webster, Hanson & Rittenhouse and Frank E. Turner, Oklahoma City, for defendant in error.

O'NEAL, J. This is an appeal by P. & E. Finance Company, a corporation, from an order of the trial court sustaining defendant Globe & Republic Insurance Company's demurrer to its petition and each and every cause of action therein contained, and dismissing the case.

The action was filed by plaintiff against defendant Globe & Republic Insurance Company to recover unearned premiums due upon the cancellation of twelve fire, theft and collision policies, which were canceled before the terms for which they were written were terminated.

Plaintiff had purchased twelve notes and chattel mortgages in the usual course of business from various dealers who sold automobiles. The mortgages each contained the provision that the mortgagor-purchaser was required to insure their automobiles against loss by fire, theft and collision, and further provided that in the event they failed to secure the insurance, the mortgagee would have the right to purchase such insurance and charge same to the mortgagor's account. These mortgages were subsequently assigned to the plaintiff herein. These facts are, in substance, alleged in each

and every cause of action contained in plaintiff's petition, except that in causes of action Nos. 1, 3, 4, 6 and 7, mortgagors and purchasers of the cars insured assigned their interest in the policies of insurance to the plaintiff herein and these policies are pleaded in such causes of action and that the parties executing the mortgages are not made parties defendant, while as to the other causes of action such parties are made parties defendant. In addition to the above allegations it is alleged in each and every cause of action that the mortgagor did not obtain insurance as provided in the mortgage and that plaintiff thereafter purchased insurance and paid the premium thereon and that the policies were then issued; that prior to the maturity date of the policies all were canceled by defendant; that plaintiff demanded a return of the unearned premium and defendant refused to pay the same.

Defendant demurred to the petition and each and every cause of action therein contained on the ground: (1) that the petition, and each and every cause of action therein pleaded, does not state facts sufficient to constitute a cause of action; (2) that neither cause of action was brought within one year from the date of accrual as provided by 36 O.S.A. §244.1, and that the actions are therefore barred by limitation.

The trial court sustained the demurrer on the ground: (1) that the return of the unearned premium came within the twelve month statutory period of limitation as provided for in 36 O.S.A. §244.1; (2) that as to plaintiff's causes of action 2, 5, 8, 9, 10, 11 and 12, the suit was not brought by the real party interest, the insureds.

It is the contention of defendant that as to causes of action 1, 3, 4, 6 and 7, the actions were brought to recover on the policies, and therefore required to be brought within one year from the date of the accrual thereof under the limitation provision of the statute above referred to.

It is the contention of plaintiff that his causes of action are not for recovery of any benefits under the policies, but they are brought to recover money had and received because of failure of defendant to pay to it the unearned premium upon cancellation of the policies.

It is conceded by defendant that if the petition be so construed, the one year period of limitation prescribed by the above statute does not apply.

We agree with the contention of plaintiff that the petition and the various causes of action therein pleaded do not constitute actions for recovery of benefits under the policies but are actions for the recovery of money had and received. The petition and the various causes of action plead facts sufficient to constitute a cause of action for the recovery of money had and received and are therefore not barred by limitation. It has many times been held that an action to recover unearned premium upon the cancellation of a policy of insurance is not an action for recovery of benefits under the policy, and is not within the provisions of the statute requiring such action to be brought in a specified time, but constitutes an action for the recovery of money had and received and is governed by the general statute of limitations. 44 C.J.S. p. 1400, §408; Interstate Life & Accident Co. v. Cook, 19 Tenn. App. 290, 86 S. W. 2d 887; New Holland Turnpike Road Co. v. Farmers' Mutual Ins. Co., 144 Pa. 451, 22 A. 923; Waller v. Imperial Fire Ins. Co., 64 Iowa 101, 19 N. W. 865.

Defendant further contended that even though the court erroneously held that the above mentioned five causes of action were barred by limitation, it nevertheless ruled correctly in sustaining the demurrer as to such causes of action as well as to each and every cause of action pleaded in plaintiff's petition, for the reason that the facts alleged show that plaintiff is not the real party in interest and may not therefore maintain the actions. In sup-

port of this contention it relies largely upon the cases of Seaboard Fire & Marine Ins. Co. v. Hines (Tex. Civ. App.) 142 S. W. 2d 538; Burns & Reilly Real Estate Co. v. Philadelphia Life Ins. Co., 239 Pa. 22, 86 A. 642.

In the first above-cited case the court held:

"Where agent for fire insurer paid amount of premium, less agent's commission, and extended credit to insured for premium as an obligation due agent, and agent, who was not satisfied with premium payments of insured and who had custody of policy which permitted cancellation by insurer upon five days' written notice and return of unearned portion of premium, returned policy to insurer which, at agent's request, canceled policy and returned unearned premium to agent, attempted cancellation was not effectual as to insured, since insurer could not cancel policy without returning or tendering to insured the unearned portion of premium."

In the case last mentioned, the court held:

"Where brokers employed to procure loans induced their customers to apply for insurance as an incident to procuring such loan, and pay the first premium for their customers, and the insurance company fails to write the insurance, the right of action for a return of the premiums paid is vested in the customers, and not in the brokers."

It is obvious that these cases are not applicable. Neither the insurance agent in the case first cited nor the broker in the case last cited had any interest in the policies or the proceeds thereof, nor did either have an insurable interest in the property there insured.

In the present case, under the facts pleaded, the contrary situation exists. Plaintiff as mortgagee had an interest in the policies and the proceeds thereof; it had an insurable interest in the property and was in fact a party insured. 29 Am. Jur., Insurance, pp. 301 and 303, §§335, 339.

In case loss had occurred under the policies while they were in full force and effect, plaintiff in its own name could have maintained an action to recover under the policies to the extent of its interest insured. Aetna Ins. Co. v. Ralls, 200 Okla. 32, 190 P. 2d 787; Fidelity-Phenix Fire Ins. Co. v. Cleveland, 57 Okla. 237, 156 P. 638.

Neither do the Oklahoma cases relied upon by defendant, Rogers v. Lassiter, Adm'r, 196 Okla. 228, 164 P. 2d 632; Consolidated Cut Stone Co. v. Seidenbach, 189 Okla. 128, 114 P. 2d 480, sustain its contention. These cases are not applicable to the facts herein pleaded except insofar as the general principle, the essential element in an action for the recovery of money had and received is defendant's possession of money belonging to plaintiff which defendant, in law, equity and good conscience, is not entitled to retain and which he refused to pay plaintiff, is announced. That principle applies here. Plaintiff purchased the insurance, paid the premium, the policy was issued upon the payment of this premium, plaintiff thereby became an insured under the policy and had a beneficial interest therein.

When defendant canceled the policies and refused to pay plaintiff the unearned premium, it then had in its possession money belonging to plaintiff, which in law, equity and good conscience it had no right to retain, but which it should have paid to plaintiff. Plaintiff is therefore a proper party to bring an action for money had and received to recover the unearned premium.

The trial court erred in sustaining the demurrer to the petition and in dismissing the case.

Reversed, with directions to overrule the demurrer, to vacate the order dismissing the case, and to proceed in accordance with the views herein expressed.