SAN JACINTO FINANCE CORPORATION
et al., Appellants,

v.

EAGLE STAR INSURANCE COMPANY,
Ltd. et al., Appellees.

No. 3846.

Court of Civil Appeals of Texas.

Waco.

June 22, 1961.

Rehearing Denied July 13, 1961.

Vinson, Elkins, Weems & Searls, B. Jeff Crane, Jr., Houston, for appellants.

Butler, Binion, Rice & Cook, Frank J. Knapp, Thomas L. Moore, Robert O. Campbell, George McGhee, Fulbright, Crooker, Freeman, Bates & Jaworski, Owen W. Cecil, Houston, for appellees.

McDONALD, Chief Justice.

This suit was brought by San Jacinto Finance Company and Trinity Finance Company, to recover from Eagle Star Insurance Company and Western Fire & Indemnity Company, the unearned premiums due on a number of policies of insurance written by defendant insurance companies covering automobiles purchased by various individuals, and financed by plaintiff Finance Companies. Plaintiff Finance Companies alleged that they paid the premiums for such insurance policies; that defendants cancelled such policies; and that defendants refuse to return the unearned premiums due on such policies to plaintiffs.

Plaintiffs further alleged that such policies were *"both for the protection of plaintiffs and for the protection of the persons financing the purchase of such automobiles."*

Defendant Insurance Companies filed pleas in abatement and to the jurisdiction, alleging that the individual policyholders paid the premiums on the insurance policies involved, and were thus indispensable parties, and the only persons entitled to assert claim for the unearned premiums; and further, that the unearned premiums due individual policyholders did not individually meet the jurisdictional requirements of the

District Court, and were improperly added together to give the District Court jurisdiction.

The Trial Court, without hearing or receiving any evidence whatever, sustained such pleas, and dismissed plaintiffs' suit. This proceeding is not and is not contended to be a summary judgment proceeding.

Plaintiffs appeal, contending that the Trial Court erred in dismissing the cause because: 1) no proof was made of any want of capacity in plaintiffs to bring such suit; 2) no proof was made of an improper joinder of the claims and remedies sought by plaintiffs.

Plaintiffs have plead a cause of action. See: P. & E. Finance Co. v. Globe & Republic Ins. Co., 205 Okl. 627, 239 P.2d 1009, 29 A.L.R.2d 933. Further, in the absence of special exception, the petition will be liberally construed in pleaders' favor. Scott v. Gardner, 137 Tex. 628, 156 S.W.2d 513, 141 A.L.R. 50.

In hearing on a plea in abatement, the allegations in plaintiffs' petition must be taken as prima facie proof of the facts recited therein. Pratt-Hewit Oil Corp. v. Hewit, 122 Tex. 38, 52 S.W.2d 64. It may be that if facts alleged in defendants' pleas are true, that the cause should be dismissed, but defendants offered no evidence or proof whatever. The insurance policies themselves are not in evidence.

Plaintiffs' cause of action as asserted is sufficient to allow them to remain in court, absent proof of the matters set forth in defendants' pleas in abatement. The determination of plaintiffs' right and capacity to bring the instant suit is determinative of whether there has been an improper joinder, because if plaintiffs have such right and capacity, they are entitled in one action to bring as many claims and causes of action as they may have against defendants. Rule 51, Texas Rules of Civil Procedure.

Both plaintiffs' contentions are sustained, and the judgment appealed from is Reversed and the cause Remanded.

Reversed and remanded.