GREAT AMERICAN INSURANCE COM-
PANY OF NEW YORK, a Corporation,
Plaintiff in Error,

v.

SOUTHWESTERN FINANCE COMPANY, a
Corporation, Defendant in Error.

No. 37114.

Supreme Court of Oklahoma.

May 8, 1956.

Hanson & Green, Vernon L. Martin, Ok-
lahoma City, and A. E. Montgomery, Tulsa,
for plaintiff in error.

Cleo Wilson, Tulsa, for defendant in er-
ror.

PER CURIAM.

Defendant in error, assignee of a mort-
gage on a certain Pontiac automobile de-
stroyed in a collision, commenced this ac-
tion against plaintiff in error, to recover the
auto's value on the basis of an insurance
policy on the car issued by the latter. The
parties will hereinafter be referred to by
their trial court designations of "plaintiff"
and "defendant", respectively.

The particular part of the policy upon
which plaintiff's action was based is a union

or standard mortgage clause endorsed thereon. The trial was by the court upon a fact stipulation which may be briefly summarized as follows: On July 30, 1953, one Ealy Lee Caldwell, accompanied by a representative of the G & E Motor Company appeared at plaintiff's office and there signed a note, together with a mortgage covering the automobile described in the insurance policy. Caldwell signed the name of Joe Bennett to both instruments, each of which was also signed by Maggie Bennett, who is Caldwell's daughter, and Joe Bennett's wife; the same date G & E Motor Company, the mortgagee named therein, by and through its representative who accompanied Caldwell, assigned the note and mortgage to plaintiff; the automobile was owned by Caldwell although title was in the name of Joe Bennett; Bennett claims no title or right to the automobile or to the insurance benefits, and Caldwell's action in signing Bennett's name to the note and mortgage was without Bennett's knowledge or consent; Caldwell's credit was such that he could not have purchased the automobile in his own name. Caldwell made several payments on the indebtedness secured by the mortgage. On August 3, 1953, the defendant issued the policy of insurance which, at the time of the automobile's collision, had never been cancelled. The original policy period was from July 30, 1953, to October 30, 1954. The policy's endorsement containing the clause on which plaintiff's action is based is dated July 30, 1953. The auto's value prior to the collision was in the sum of $350, which was less than the balance due on the indebtedness to plaintiff. At the close of the trial, the court rendered judgment for plaintiff in that sum.

The gist of defendant's argument for reversal of said judgment, is that an insurable interest is necessary to the validity of an insurance contract and that a party designated in such contract as a mortgagee has no insurable interest where, as here, the purported mortgagor's signature is forged by an impostor.

In our opinion there is only one question of law involved in this case. It was decided in National Fire Ins. Co. of Hartford, Conn., v. Dallas Joint Stock Land Bank, 174 Okl. 596, 50 P.2d 326.

The union or standard mortgage clause, under which plaintiff claims, provides in substance: "Loss or damage, if any, under the policy designated above shall be payable to Southwestern Finance Co. * * * this insurance as to the interest of * * * mortgagee * * * shall not be invalidated by any act or neglect of the * * mortgagor or owner of the * * * automobile * * *". Such was held in the above cited case to create an independent contract of insurance for the separate protection and benefit of the mortgagee. By the provision stated, defendant "independently promised to pay the mortgagee's loss, and has represented the instrument to be a policy, and has, by referring to it, made use of that instrument as a valid subsisting agreement for the purpose of more definitely, by such reference, manifesting its contract with the mortgagee. Therefore the wording of the clause should be taken distinctly to declare that the policy is valid and enforceable, and will so continue until rendered invalid by a subsequent act or neglect. The words of the clause, 'loss shall be payable' amount to a waiver by the company, in favor of the mortgagee, of the effect of any prior or contemporaneous act of the owner which would have a vitiating effect upon the policy." Reed v. Firemen's Ins. Co., 81 N.J.L. 523, 80 A. 462, 464, 35 L.R.A.,N.S., 343, quoted in the National Fire Ins. Co., case, supra.

Under the stipulated facts, Caldwell was the actual owner. Defendant argues that his action in using the name of Joe Bennett invalidated the entire insurance contract, and, by reason thereof, the mortgagee had no insurable interest. Assuming, without deciding, that the circumstances set forth in the fact stipulation were sufficient to render the policy void ab initio as to the mortgagor, it is nevertheless true that all the acts relied upon to vitiate the contract were perpetrated by Caldwell alone. He acted as both owner and mortgagor. The rule established in the National Fire Ins. Co., case, supra, is that a cause of action, such as that relied upon by plaintiff, cannot be defeated by any act or neglect of the owner or mortgagor of the property insured, and said policy is valid as to the mortgagee,

even though void ab initio as to a mortgagor who, at the time the policy is issued, neither owns the property nor has an insurable interest therein. As we have found this case, on the basis of its stipulated facts, to be within the rule referred to, the trial court's judgment was not erroneous. It is therefore affirmed.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner J. W. Crawford, and approved by James H. Nease and Jean R. Reed, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY, BLACKBIRD, JACKSON and HUNT, JJ., concur.