## NATIONAL FIRE INS. CO. v. DALLAS JOINT STOCK LAND BANK.

No. 22478. Sept. 25, 1935.

Rehearing Denied Oct. 29, 1935.

Application for Leave to File Second Petition for Rehearing Denied Nov. 19, 1935.

Rittenhouse, Lee, Webster & Rittenhouse, for plaintiff in error.

Utterback & Stinson and Priscilla W. Utterback, for defendant in error.

PER CURIAM. This action was commenced by the Dallas Joint Stock Land Bank of Dallas, a corporation, defendant in error, against the National Fire Insurance Company of Hartford, Conn., a corporation, plaintiff in error, and the Central State Bank of Sherman, Tex., Dero Austin and Elizabeth Austin, and Barlow Roberts and Anna Roberts, in the district court of Bryan county, to recover, as mortgagee, on a fire insurance policy issued by plaintiff in error in favor of Dero Austin and Barlow Roberts for the sum of $2,000 covering a barn and other improvements on the land covered by the bank's mortgage. For convenience, plaintiff in error will be designated as the defendant, and the defendant in error as the plaintiff, as they appeared in the trial court.

The petition asked for the recovery of $900, the alleged value of a barn on the premises covered by said insurance policy, which was destroyed by fire September 12, 1928. The insurance policy was dated May 14, 1927, and plaintiff's mortgage was recorded in Marshall county, Okla., where the premises were situated, April 19, 1923. The mortgage was greatly in excess of the value of the barn destroyed. The policy was issued to Dero Austin, husband of Elizabeth

Austin, and Barlow Roberts, husband of Anna Roberts. At the time plaintiff's mortgage was given the real estate covered by plaintiff's mortgage was in the name of Dero Austin and Barlow Roberts. At that time these premises had been insured by the defendant prior to the issuance of the policy involved in this action, and this policy was in fact a renewal insurance. Prior to the time this policy was issued, Dero Austin and Barlow Roberts had conveyed the premises to their wives. On June 29, 1927, the defendant insurance company, through its agent at Madill, Okla., and at the request of Dero Austin and Barlow Roberts, endorsed on said policy a national board standard or union clause in favor of the plaintiff, and said agent by mail delivered said policy with said mortgage clause to the plaintiff at its office in Dallas.

The petition of the plaintiff is a suit upon this standard or union mortgage clause, which provided that loss, if any, should be payable to the plaintiff as its interest might appear. The petition does not allege that at the time of the giving of said policy, nor at the time of the endorsement of said mortgage clause, Dero Austin and Barlow Roberts were the owners of the premises covered thereby, but it is alleged that the defendant delivered its regular contract of fire insurance on May 14, 1927, to the said Dero Austin and Barlow Roberts, and that said policy was in full force and effect at the time of the loss, September 12, 1928.

To this petition the defendant filed its general demurrer, which was by the court overruled, and defendant excepted, after which the defendant filed an answer, among other things, alleging as a defense that neither at the time of the issuance of the policy, nor at the time of the alleged loss, did Dero Austin and Barlow Roberts, or either of · them, have any ownership or insurable interest whatever in the property covered by said policy, and that the plaintiff at such times had knowledge of such lack of ownership of said property, and that by reason thereof and the terms and provisions of the policy, the same was at its inception, and at the time of the alleged fire, null and void.

To this answer the plaintiff filed a reply attempting to plead estoppel on the part of the defendant to plead that the property was not insured in the names of the owners, but in the names of the husbands of the owners. The defendant moved to strike this reply from the files, as a departure, which was overruled and exceptions taken.

Objections were also made to the introduction of any evidence in support of the reply, which objections were by the court overruled and exceptions taken by the defendant. The lower court rendered judgment in favor of the plaintiff against the defendant for $900, to which the defendant excepted, and from which judgment the defendant appealed to this court.

The defendant urges five errors in its argument for reversal of the judgment of the lower court. In the view we take of the law, these errors may all be considered together for the sake of brevity. There is, in our opinion, but one question of law involved in this case, and the decision of that question will determine each of the alleged errors adversely to the contentions of the defendant.

The action of the plaintiff was based upon a union or standard mortgage clause endorsed on a fire insurance policy issued by the defendant to the two husbands of the two owners of the real estate covered by plaintiff's mortgage, and the union mortgage clause delivered by the defendant to the plaintiff, as mortgagee. Plaintiff's mortgage was dated in 1923, and at that time the property was owned by Dero Austin and Barlow Roberts. Plaintiff's mortgage was signed by these owners and their wives, Elizabeth Austin and Anna Roberts. The insurance policy involved in this action was dated May 14, 1927, and was written by the defendant's agent at Madill, Marshall county, Okla., and a month and a half later, June 29, 1927, the standard mortgage clause was attached thereto by defendant's agent and mailed to the plaintiff at its office in Dallas, Tex. Sometime between the date of the plaintiff's mortgage and the date of the insurance policy involved herein, Dero Austin and Barlow Roberts conveyed the real estate covered by plaintiff's mortgage to their wives. There was no change of ownership after the writing of this policy, May 14, 1927; the change was prior to that date, and while former insurance was in full force and effect in favor of the plaintiff and written by the defendant.

This court, in the case of Fidelity-Phenix Fire Insurance Co. v. Cleveland, 57 Okla. 237, 156 P. 638, held that the union or standard mortgage clause usually attached to insurance policies, which provides in substance:

"Loss, if any, payable to * * * mortgagee, * * * as hereinafter provided, it being hereby understood and agreed that this insurance as to the interests of the mortgagee or trustee

only herein, shall not be invalidated by any act or neglect of the mortgagor or owner of the property insured"

—creates an independent contract of insurance for the separate protection and benefit of the mortgagee; and that the mortgagee may maintain a suit in his own name to recover for a loss covered by the policy, and such cause of action cannot be defeated by any act or neglect of the owner or mortgagor of the property insured.

In that opinion this court draws a sharp distinction between the "loss payable" clause and the union or standard mortgage clause. In the former, if the insurance policy for any reason is invalid as to the insured, it is equally invalid as to the mortgagee; while under the union or standard mortgage clause the mortgagee has a separate contract of insurance, which is not affected by any act or neglect of the mortgagor. This distinction was apparently overlooked in the case of Phoenix Insurance Co. v. First National Bank, 129 Okla. 204, 264 P. 142, which is cited by the defendant herein as an authority that even if a standard or union clause is issued to a mortgagee, if the policy be void as to the mortgagor, it is likewise void as to the mortgagee. That is not the law in this state and is against the clear weight of authority in the other states.

This court, in the late case of National Fire Insurance Co. v. Finerty Investment Co., 170 Okla. 44, 38 P. (2d) 496, again followed the Fidelity-Phenix Fire Ins. Co. v. Cleveland Case, supra.

The authorities seem to be unanimous in holding that, under the union or standard mortgage clause, the rights of the mortgagee cannot be affected by any act or neglect of the owner or mortgagor, occurring after the issuance of the policy. The only difference of opinion as to the effect of such a clause is when the act of the mortgagor or owner relied upon to void the policy as to the mortgagee is some misrepresentation or concealment at the time of the issuance of the policy. Most courts hold that as to such act on the part of the owner or mortgagor the rights of the mortgagee are not affected. Perhaps the oldest case in support of this proposition is the case of Hastings v. Westchester Fire Ins. Co., 73 N. Y. 141; see, also, Eddy v. London Assurance Corporation, 143 N. Y. 311, 38 N. E. 307, 25 L. R. A. 686; Goldstein v. National Liberty Ins. Co., 256 N. Y. 26, 175 N. E. 359, where the Court of Appeals of New York held that a fire insurance policy containing the standard mortgage clause, though void as to the insured because of breach of warranty, was valid as to the mortgagee from its inception.

In the case of Reed v. Firemen's Ins. Co., 81 N. J. L. 523, 80 Atl. 462, 35 L. R. A. (N. S.) 343, in the opinion Justice Voorhees says:

"We have already determined that the contract insured the mortgagee's interest separately, and there appears to be an undoubted consideration for such contract, not dependent upon the contract with the owner. Therefore, admitting, for argument's sake, that the contract with Fabrikant was void, and never sprang into existence, because a condition precedent had been broken by him, yet, there arises an estoppel in favor of the mortgagee against the company precluding it from setting up that state of affairs to free itself from liability. It has independently promised to pay the mortgagee's loss, and has represented the instrument to be a policy, and has, by referring to it, made use of that instrument as a valid subsisting agreement for the purpose of more definitely, by such reference, manifesting its contract with the mortgagee. Therefore, the wording of the clause should be taken distinctly to declare that the policy is valid and enforceable, and will so continue until rendered invalid by a subsequent act or neglect. The words of the clause 'loss shall be payable,' amount to a waiver by the company, in favor of the mortgagee, of the effect of any prior or contemporaneous act of the owner which would have a vitiating effect upon the policy."

In the case of Syndicate Insurance Co. v. Bohn, 12 C. C. A. 531, 65 Fed. 165, 27 L. R. A. 614, 621, Justice Sanborn, after giving the history of insurance policies intended to secure the interest of the mortgagee, and the change from the old "loss payable" clause to the standard or union clause, gives the reason for sustaining the insurance in favor of the mortgagee under a standard clause even though the original insurance was void because of breach of warranty on the part of the mortgagor or owner, in the following language:

"They tendered to this mortgagee their own policies running to third parties, and their contracts with the mortgagee that these policies should not be invalidated by any act or neglect of those parties. The policies had been issued by themselves, and any third party had the right to rely upon their statement as to the validity of their own policies. The policies certainly could not be invalidated unless they were then valid, and the tender of them to this mortgagee as contracts of insurance of its interest as mortgagee, with promises that they should not be invalidated, was a clear representation to the latter that those policies

were then valid. The mortgagee undoubtedly relied upon this representation, and on the faith of it accepted the policies and the mortgage clauses as binding agreements of indemnity.

"If the insurance companies had notified this mortgagee at any time before the loss that the original policies were or might have been invalid at the inception of the contracts between them, the latter would undoubtedly have surrendered the contracts, and sought insurance elsewhere. They waited until the loss had occurred, and it is now too late for them to retract their representations."

Following the same principle are the following cases: Metropolitan Life Ins. Co. v. Mennonite Mutual Fire Ins. Co., 131 Kan. 628, 293 P. 402; Hanover Fire Ins. Co. v. Bohn, 48 Neb. 743, 67 N. W. 774, 58 Am. St. 719; Allen v. St. Paul Fire & Marine Ins. Co., 167 Minn. 146, 208 N. W. 816; People's Savings Bank v. Retail Mer. Mutual Fire Ins. Assoc., 146 Iowa, 536, 123 N. W. 198, 31 L. R. A. (N. S.) 455; Bacot v. Phoenix Ins. Co., 96 Miss. 223, 50 So. 729; Gilman, Adm'r, v. Commonwealth Ins. Co., 112 Me. 528, 92 Atl. 721, L. R. A. 1915C, 758.

Clearly, plaintiff's petition, based upon the standard mortgage clause, stated a cause of action against the defendant, and it was not error for the lower court to overrule defendant's demurrer thereto. The answer of the defendant did not plead any breach by the plaintiff of any of the conditions in the standard mortgage clause, and the answer therefore did not state a defense to the petition, and for that reason did not require a reply. Plaintiff's reply thereto was, therefore, unnecessary, and while this reply was in form a departure, it was, to say the least, harmless error not to strike the reply, and the evidence offered in support of the reply was immaterial. The answer merely alleged that the assureds were not the owners of the property at the time of the issuance of the policy and at the time of the fire, and that plaintiff at such times had knowledge of such lack of ownership, but the evidence did not prove this allegation of the answer. Nevertheless, it was more the duty of the defendant than of the plaintiff to see that the insurance policy was issued to the real owners; and when the defendant, June 29, 1927, issued to the plaintiff a standard mortgage clause, it vouched for the validity of the insurance policy upon which such clause was issued.

The judgment of the lower court is therefore affirmed.

The Supreme Court acknowledges the aid of Attorneys John Adams, J. M. Springer, and W. H. Wilcox in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Adams and approved by Mr. Springer and Mr. Wilcox, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.