## WESTERN ASSURANCE CO. v. HUGHES et al.

No. 26016.   Oct. 13, 1936.

Rehearing Denied March 2, 1937.

Rittenhouse, Webster & Rittenhouse, for plaintiff in error.

Blanton, Curtis & Blanton, Leslie H. Norris, and H. W. Carver, for defendants in error.

CORN, J.   This action was commenced in the court of common pleas of Oklahoma county by J. G. Hughes, as plaintiff, against the Western Assurance Company, as defendant, to recover the sum of $1,700 upon an insurance policy issued by said company in-

suring a dwelling house, garage, and contents of the garage, in the town of Bowlegs, against loss by fire and certain other hazards, said property of the estimated value of $4,050 having been totally destroyed by fire. The Western Securities Corporation, mortgagee, was made a party defendant to the action in order that its rights under the policy might also be determined by said action.

The cause was tried to the jury, resulting in a verdict for the plaintiff generally, and for the mortgagee on its cross-petition for the amount due on the mortgage. The court rendered judgment upon the verdict accordingly, and the insurance company brings this appeal.

The insurance company seeks to evade the payment of the loss on the alleged ground that the insured was not the sole and unconditional owner of the property insured. The policy contains a stipulation that the entire policy shall be void if the interest of the insured be other than unconditional ownership, or if the subject of the insurance be a building on ground not owned by the insured in fee simple. It also contends that the policy for the same reason is void as to the mortgagee.

The facts with reference to the question raised by the insurance company were that the insured, J. G. Hughes, purchased the lot on which the insured buildings were later erected and had the deed made to himself as grantee. A few months after purchasing the lot he built an eight-room house and a garage on it, and with his family occupied the premises as his home for about three years before the property was destroyed by fire. About six months before the fire occurred, he borrowed the sum of $1,500 from the Western Securities Corporation, giving the property as security for the loan. The abstracter in checking the records found that he had not yet recorded his deed to the property, and also found a small judgment rendered against him in another county had been transcripted to the county in which this property was situated. Realizing that the judgment would cloud his title and embarrass him in obtaining the loan on the property, although not a lien against the homestead, and in order to avoid a situation of that kind, he obtained permission from the grantor to change the deed to his son, Orval Hughes, as grantee, and had the notary public who took the acknowledgment to change the same and to correct his record accordingly, and then recorded the deed.

The evidence shows that J. G. Hughes owned the entire beneficial interest in the property, and that only the naked legal title thereto was in his son, Orval Hughes. J. G. Hughes and his wife and Orval Hughes all executed the note and mortgage to said mortgagee.

The insurance company relies chiefly upon the case of Phoenix Insurance Co. v. First National Bank, 129 Okla. 204, 264 P. 142, to support its contention that the policy is void both as to the insured and the mortgagee, but it evidently overlooked the fact that that case has been overruled in so far as it affects the rights of the mortgagee by a more recent case, that of National Fire Ins. Co. of Hartford, Conn., v. Dallas Joint Stock Land Bank of Dallas, 174 Okla. 596, 50 P. (2d) 326, which is supported by the weight of authorities in this state and in other states.

The facts in the latter case are very similar to the facts in the case at bar. In that case the insurance policy was issued to Dero Austin and Barlow Roberts after they had conveyed the property to their wives, in whose names the title rested at the time of the loss, and it was held that the mortgagee, under the standard mortgage clause indorsed on the policy, was entitled to recover for the loss, notwithstanding the mortgagors were not owners of the property at the time of the loss. The syllabus by the court in said case is as follows:

"The clause attached to an insurance policy, usually called a 'union' or 'standard' mortgage clause, providing 'loss, if any, payable to mortgagee, as such interest may appear, and further providing that the policy as to such interest of the mortgagee only, shall not be invalidated by any act or neglect of the mortgagor or owner,' creates an independent contract of insurance for the separate protection and benefit of the mortgagee; and under such clause the mortgagee may maintain a suit in his own name to recover for a loss covered by the policy; and such cause of action cannot be defeated by any act or neglect of the owner or mortgagor of the property insured, and said policy is valid as to the mortgagee even though it is void ab initio as to the mortgagor, because the mortgagor did not own the property or have an insurable interest therein at the time the policy was issued."

Also, see Fidelity Phenix Fire Insurance Co. v. Cleveland, 57 Okla. 237, 156 P. 638; National Fire Ins. Co. v. Finerty Investment Co., 170 Okla. 44, 38 P. (2d) 496, and numerous cases cited therein following the same rule.

The case of Murphey v. Liverpool & London & Globe Ins. Co., Limited, of Liverpool, England, 89 Okla. 207, 214 P. 695, disposes of the contention of the insurance company that the policy was void from its inception on the ground that the legal title of the property was not in the insured at the time the policy was issued. While discussing the same question in Twin States Fire Ins. Co. v. First National Bank, 145 Okla. 293, 292 P. 833, this court cited with approval the case of Hankins v. Williamsburg City Fire Ins. Co., 96 Kan. 706, 153 P. 491, in which it is stated in the syllabus that:

"A fire insurance policy upon a building, containing a stipulation that the policy 'shall be void * * * if the interest of the insured be other than unconditional and sole ownership,' is not invalidated because of an outstanding naked legal title in another, where the insured has the equitable title, the entire beneficial ownership of the property, and is in undisputed possession of the same."

It was brought out in the evidence that the insured had given a quitclaim deed to the property to his wife in a proposed property settlement in a divorce action then pending, but that the court awarded alimony payable in cash on a monthly basis, and the quitclaim deed was not recorded, and she disclaimed any interest in the property by reason thereof. Orval Hughes also disclaimed any interest in the property.

The evidence in the case is conclusive that the insured owned an insurable interest in the property and we find no reversible error in the record. The judgment of the trial court is therefore affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, BUSBY, PHELPS, and GIBSON, JJ., concur. RILEY and WELCH, JJ., absent.