## AETNA INSURANCE CO. v. O. E. WOODS LUMBER CO.

No. 27234.  Feb. 8, 1938.

· Everest, McKenzie & Gibbens, for plaintiff in error.

Robson & Bassman, for defendant in error.

HURST, J. This is an action on a fire insurance policy covering property owned by Wallace Reavis, originally in the amount of $1,200, which was later reduced to $1,000. The property in question was built by Reavis, who insured the same with the defendant on September 14, 1929. In November, 1931, N. Rice purchased the property and executed three promissory notes secured by a mortgage on said premises to the plaintiff, O. E. Woods Lumber Company. At the time of this conveyance Rice became assignee and holder of the insurance policy, to which was attached a clause styled "loss payable clause," which provided as follows: ·

"Loss, if any, to be adjusted only with the insured named herein and payable to the insured and O. E. Woods Lumber Company as their respective interest may appear, subject nevertheless, to all the terms and conditions of the policy."

On March 3, 1933, the property was completely destroyed by fire, and thereafter, on May 13, 1934, plaintiff mortgagee brought this action seeking to recover the full amount of the policy.

Shortly after the loss was sustained the agent of plaintiff took an agent of defendant insurance company to view the loss, and defendant's agent stated that he would notify the company, and plaintiff then took no further action. The plaintiff subsequently made demand for settlement from the defendant's Tulsa office, but was referred to the Oklahoma City office, and no settlement was ever made. Thereupon plaintiff brought this suit.

By its answer the defendant sets up that there had been a change of title without written consent indorsed on the policy and that the policy was null and void thereby;

that there was no notice of the loss brought home to the defendant; and that the action was barred by the statute of limitations. The case was tried to the court without a jury and judgment was rendered for $1,000 in favor of the plaintiff.

The defendant insurance company brings this appeal and presents three propositions. Defendant first contends that the action is barred by the statute of limitations for the reason that it was not commenced within twelve months next after the date of loss as required by section 10557, O. S. 1931, which is the statute providing the standard form of fire insurance policies to be used in this state. It is argued that this provision is applicable to a mortgagee whose rights depend upon a "loss payable" clause for the reason that such a clause is merely collateral to the original policy, the mortgagee being merely an appointee of the fund, and the rights of the mortgagee depend on the terms of the fire policy which are specified by statute. It is pointed out by defendant that the same would not be true if the mortgagee took under a "union" or "standard" mortgage clause, for such clause creates an independent contract between the insurance company and the mortgagee, and to hold that they adopted the short limitation period of the statutory form of fire policy, by this independent agreement which is no part of that policy, would violate section 9491, O. S. 1931, providing:

"Every stipulation or condition in a contract, by which any party thereto is restricted from enforcing his rights under the contract by the usual legal proceedings in the ordinary tribunals, or which limits the time within which he may thus enforce his rights, is void."

The short period of limitation does not violate this section as applied to the statutory policy or any collateral agreement which is a part of it, defendant argues, for the reason that it is statutory and not contractual and the "loss payable" clause is in effect a part of the statutory policy.

On the other hand, the plaintiff contends that by reason of the case of Connecticut Fire Ins. Co. v. Williams (1928) 130 Okla. 15, 264 P. 881, it is immaterial which type of clause is used, for there is an independent contract created by both clauses which make the short limitation period inapplicable under section 9491, supra. In effect it is contended that there is no distinction in this regard between the two types of clauses, and that whether or not the short period of limitation applies does not depend upon the type

of mortgage clause attached to the policy, but rather depends upon the type of contract in general in which it is inserted.

Before discussing the Williams Case, let us first notice what distinction, if any, this court has made between the two types of clauses. In Fidelity-Phenix Fire Ins. Co. v. Cleveland (1916) 57 Okla. 237, 156 P. 638, which case involves a "union" or "standard" clause and not a "loss payable" clause, the first and second paragraphs of the syllabus of the court point out the distinction as follows:

"Under what we call the ordinary or commercial loss payable clause, attached to policies of insurance, in substance, that 'loss if any, payable to _____, mortgagee, as his interest may appear at the time of loss,' where no other stipulations appear, defining the interest of the mortgagee, there is a contract created between the insurer and the mortgagee, but it is merely collateral to the principal undertaking to pay the mortgagor; the mortgagee is merely an appointee of the fund, with rights dependent upon, and no greater than, those of the insured. If the policy becomes void, so it cannot be collected by the insured, the rights of the mortgagee likewise fail.

"The clause, attached to an insurance policy usually called the 'Union,' or 'Standard' mortgage clause, providing, in substance: 'Loss, if any, payable to_____ _____, mortgagee, as hereinafter provided; it being hereby understood and agreed that this insurance as to the interest of the mortgagee only herein, shall not be invalidated by any act or neglect of the mortgagor or owner of the property insured, * * * provided, that in case the mortgagor or owner neglects or refuses to pay any premium, * * * then, on demand, the mortgagee shall pay the same, * * *' creates an indepedent contract of insurance for the separate protection and benefit of the mortgagee. The fact that it is ingrafted on the contract of insurance contained in the policy issued to the owner and mortgagor does not affect its independent nature, except that reference will be had to the main body of the policy, to make the clause certain and effective. Under such clause, the mortgagee may maintain a suit in his own name to recover for a loss covered by the policy; and that such cause of action cannot be defeated by 'any act or neglect of the owner or mortgagor of the property insured.'"

See, also, Vance on Insurance, pp. 656, 657. The same distinction has been noted in New York Underwriters v. Denson (1924) 100 Okla. 89, 227 P. 122; National Fire Ins. Co. v. Finerty Investment Co. (1934) 170 Okla. 44, 38 P. (2d) 496; National Fire Insurance Co. v. Dallas Joint Stock Land Bank (1935) 174 Okla. 596, 50 P. (2d) 326. In each of the cases cited the clause provided that the rights of the mortgagee shall not be defeated by the acts or defaults of the mortgagor and were therefore properly construed as "standard" or "union" mortgage clauses. In such cases the clause established an independent contract between the insurance company and the mortgagee and the default of the mortgagor did not prejudice the rights of the mortgagee in participating therein. In the case at bar, however, the clause merely designated the mortgagee as the payee to the extent of its interest, "subject nevertheless, to all the terms and conditions of the policy." This is clearly a "loss payable" clause, and under the authorities above cited the mortgagee is merely an appointee of the fund with rights dependent upon and no greater than those of the insured and may be defeated by any default on the part of the mortgagor. Inasmuch as the insured would be prohibited from bringing this action, which was commenced about 14 months after the loss, by reason of the twelve-month limitation term prescribed in section 10557, supra, it would seem to follow that the plaintiff mortgagee is also barred by the same limitation, if it does not violate section 9491, supra.

Plaintiff claims that this question has been settled by the Williams Case, supra, where it was stated in the fourth paragraph of the syllabus thereof:

"In an action by a mortgagee to recover on a loss payable clause attached to a fire insurance policy the special one year statute of limitations is not the applicable statute. Such action is governed by the general statute of limitations relating to actions on contract."

In the body of the opinion, however, the court said:

"This union or standard mortgage clause attached to the policy constitutes, then, a separate contract from the policy itself."

The court obviously failed to make a distinction between a "loss payable" clause and a "union" or "standard" mortgage clause and does not cite or refer to Fidelity-Phenix Fire Ins. Co. v. Cleveland, supra, which appears to be the leading case on the subject.

The plaintiff contends that such a distinction is not necessary. The reason given is that in Fidelity-Phenix Fire Ins. Co. v. Cleveland, supra, the court stated, in discussing the "loss payable" clause, that such clause "creates a contract as to the mortgagee. * * *" It is, therefore, argued that

by reason of this phrase an independent contract between the insurance company and the mortgagee is created by either clause, and that there is no distinction between them. But it is noted that the court immediately qualifies that phrase by stating: "which is merely collateral to the principal undertaking to pay the mortgagor; and that the mortgagee is merely an appointee of the fund, with rights dependent upon, and no greater than, those of the insured." The isolated phrase cannot be considered by itself. Construing it all together, it seems clear from the Cleveland Case that the mortgagee under a loss payable clause is made merely a beneficiary under the contract and recognized as such by the insurance company and the clause is collateral to the principal contract between the insurance company and the mortgagor, and in effect is a part thereof. We think this amply explains the meaning of the statement that such clause "creates a contract as to the mortgagee." Therefore, it cannot be said that a "loss payable" clause creates an independent contract for the separate benefit and protection of the mortgagee the same as in the "union" or "standard" clause, so that the application of the twelve-months limitation clause in the original policy violates the provisions of section 9491, supra. We think that the application of this short limitation period clearly depends upon the type of mortgage clause attached to the policy. We hold that the syllabus quoted from Connecticut Fire Ins. Co. v. Williams, supra, is not a correct statement of the law in so far as it refers to a "loss payable" clause, but the decision, in so far as it construes a "union" or "standard" clause, is consistent with the authorities. The action, therefore, being barred by the statute of limitations, it is not necessary to discuss the remaining propositions urged by defendant insurance company, which are (2) that the failure of plaintiff to give notice of loss and proof of loss to the insurance company in the manner provided in the policy forfeited plaintiff's claim for loss or damage; and (3) that the change of ownership of the property of the insured without the written consent and without knowledge or notice to the defendant insurance company voided the policy of insurance. It follows that it is also unnecessary to consider the question of the waiver of these provisions in the policy, inasmuch as no waiver is urged in connection with the statute of limitations. The judgment is reversed, with directions to render judgment in favor of the defendant.

OSBORN, C. J., and RILEY, PHELPS, CORN, GIBSON, and DAVISON, JJ., concur. BAYLESS, V. C. J., and WELCH, J., absent.