EDWARD R. LEMBO *vs.* PHILIP R. PARKS & others. March 2, 1978. This
an action by a mortgagee to have a check for insurance proceeds which
was issued to the mortgagors and the mortgagee jointly made payable
to him exclusively. On November 21, 1972, the plaintiff deeded five
parcels to the defendant mortgagors, Philip R. and Elda Jean Parks,
and took back a mortgage secured by a promissory note for $47,000.
The building on the fifth parcel was insured for $5,000 with the Attle-
boro Mutual Fire Insurance Company (the defendant insurer) under
a policy of insurance naming the defendant mortgagors as the insured
and making the plaintiff, as mortgagee, the loss payee "as interest
may appear." On February 13, 1973, this building was totally de-
stroyed by fire, and it has never been rebuilt. The insurer issued a
check for insurance proceeds in the amount of $5,000 on July 5, 1973,
payable to the plaintiff and to the defendant mortgagors jointly. On
August 18, 1973, the plaintiff purchased the property at a foreclosure
sale, bidding the entire amount of the mortgage debt. A judge of the

---

Superior Court entered summary judgment for the defendant mortgagors, and the plaintiff appeals. 1. While the liability of the insurer is fixed as of the time of the loss (*Ben-Morris Co.* v. *Hanover Ins. Co.*, 3 Mass. App. Ct. 779 [1975]; Couch, Insurance § 29.75 [2d ed. 1960]), the mortgagee is insured only to the extent of the mortgage debt (*Ben-Morris Co.* v. *Hanover Ins. Co.*, *supra*; Couch, Insurance §§ 29.76, 29.77). Therefore, as the mortgage debt was extinguished by the bid at the foreclosure sale, the proceeds of the insurance are payable solely to the mortgagors. *Rosenbaum* v. *Funcannon,* 308 F.2d 680, 684-685 (9th Cir. 1962). But see *Keeton,* Insurance Law 188 n.4 (1971). 2. Although the plaintiff should have been given an opportunity to file an additional affidavit in opposition to the motion for summary judgment after the substitute complaint and answers to that complaint had been filed, the entry of summary judgment was not error because the defendants were entitled to the entire proceeds as matter of law, and additional affidavits would not have affected the outcome.

*Judgment affirmed.*

The case was submitted on briefs.
*Paul R. Collanton* for the plaintiff.
*Richard A. Griffin* for Elda Jean Parks.