William N. HARSHA, M.D., [Medical claimant], Petitioner,

v.

MAREMONT CORPORATION [Employer], an own risk carrier, Respondent.

No. 70846.

Supreme Court of Oklahoma.

Dec. 26, 1989.

As Amended Dec. 27, 1989.

Linda Burkett, Oklahoma City, for medical claimant/petitioner.

John A. McCaleb, Messrs. Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, for employer/respondent.

OPALA, Vice Chief Justice.

The dispositive issues on certiorari are: (1) Is the trial tribunal's decision against the physician so legally flawed that the claim must be remanded for reconsideration? and (2) Did the Court of Appeals err in assessing the physician's counsel fees and costs against the employer? We answer both questions in the affirmative.

William N. Harsha, M.D. [physician or medical claimant] sought to recover pay-

ment from Maremont Corporation [employer] for medical services claimed to have been rendered to an injured employee. At the hearing the medical claimant's lawyer offered as proof of the claim copies of the physician's Form 19, an itemized bill and the statement authorizing legal representation.

During the same proceeding other health providers as well sought payment from the employer by offering similar documents. Defense counsel objected to *one of the latter claims* on three specific grounds: lack of notice, authorization and necessity. To Dr. Harsha's bill the objection interposed was on the *sole ground* that "it represents a totally unauthorized change of doctors." The trial judge "noted" the employer's objection and accepted for consideration *all* of the medical claimant's documents.

In further defense of the physician's claim the employer offered several medical reports that had been used as evidence in earlier proceedings pressed by the employee. Those papers were admitted without objection.

Dr. Harsha's claim met with denial based on the finding

"[t]hat the Form 19's of Dr. ... J. ... and Dr. William Harsha were not necessary or authorized medical treatment, and are therefore not ordered to be paid."

On appeal, a three-judge panel affirmed the claim's denial as one that "was not against the clear weight of the evidence nor contrary to law." The Court of Appeals vacated the order and directed that the physician's claim be paid on remand. That court noted:

"[There is] nothing in the record prior to the trial court's determination of claimant's injury and compensation to indicate Dr. Harsha's treatment was not necessary or unreasonable, nor is there any objection to the treatment, although respondent [employer] had adequate notice and time prior to trial to object."

In short, the appellate court viewed the employer's proof as having failed "to indicate that Dr. Harsha's treatment was unreasonable and unnecessary." Upon the employer's petition, certiorari is now granted.

### I.

### THE ANATOMY OF FORM 19 PROCEEDINGS

■ The pattern of proof to be adduced in a Form 19 proceeding is governed by Rule 26,[1] Workers' Compensation Court Rules. That rule provides that anyone seeking payment for health-related services rendered to a compensation claimant *may* use a "verified or declared report" to establish the claim. The health care provider must, in any event, show: 1) the charges were reasonable (or "based upon the rates prevailing in the community"), 2) the services rendered were necessary and 3) either the notice requirements of 85 O.S.1981 § 14[2] were met or the treatment was authorized.

### II.

### THE CLAIM MUST BE REMANDED FOR RECONSIDERATION

The trial tribunal found that the medical services for which the physician sought an

---

**1.** The terms of Rule 26, Workers' Compensation Court Rules, 85 O.S.1981, Ch. 4, App., are:

"*A person,* partnership, corporation or institution, which is seeking to recover for health services, drugs or supplies that have been provided to the claimant, *may use a verified or declared report to establish* that: (1) such charges were *based upon the rates prevailing in the community* where rendered, (2) such services, drugs or supplies were *necessary,* and (3) the *notice requirements* of 85 O.S. § 14 were *substantially complied with* or that the treatment was otherwise authorized." (emphasis added).

**2.** The pertinent terms of 85 O.S.1981, § 14 provide:

"* * * Notwithstanding any other provision of this section, *the employee may select a physician of his choice to render necessary medical treatment,* at the expense of the employer; *provided,* however, that *the attending physician* so selected by the employee *shall notify the employer and/or the insurance carrier within a reasonable time* after examination or treatment was first rendered. * * *" (emphasis added).

This statute has since been amended. See *infra* note 5.

award were "not necessary *or* authorized medical treatment." (emphasis added). This finding leaves us in doubt whether the trial judge's denial was intended to be rested on his finding that the treatment was "not necessary" *and hence* should be regarded as one that could not be legally authorized for payment by the employer, or whether the rendered treatment was viewed as unnecessary *because* it had not been authorized prior to its inception.

█ Assuming the trial judge's critical finding means that the medical services were both unnecessary *and* unauthorized, the order denying the claim is nonetheless vulnerable to vacation. The first component of the finding is not responsive to the issues raised at the hearing and the second is plainly contrary to the law in effect when the services began. The finding that the medical treatment rendered by Dr. Harsha was unnecessary clearly is unresponsive to the defense issues tendered before the trial judge. The *only* objection the employer had advanced regarding Dr. Harsha's claim was based on *lack of authorization,* not lack of necessity.

█ The question whether a claim for medical expenses should be disallowed because a compensation claimant had changed physicians without authorization was clearly settled in *Iwunoh v. Maremont Corp.*[3] There, we held that a claimant

*need not* obtain the court's or the employer's approval before changing physicians; the employer need *only* have been provided with the *notice* prescribed by the terms of *85 O.S.1981 § 14* within a reasonable time after the change had occurred.[4] Although § 14 has since been amended,[5] at the time Dr. Harsha claims to have begun treating the employee, there was no statutory requirement for prior court authorization. It is not disputed here that (a) the physician's bill covers the period from June 1986 to June 1987 and (b) the employer had timely notice of the Harsha treatment's inception.[6] The amended version of § 14 did not become effective until November 1, 1986.

In sum, the employer's lack-of-authorization objection does not constitute a defense against Dr. Harsha's claim, which is governed by the provisions of § 14 prior to its 1986 amendment. The trial tribunal's finding that the medical services were "not authorized" is hence clearly contrary to law.

This claim cannot be remanded for entry of an award. Although the employer did not raise the defense of unnecessary treatment, we are nonetheless left in doubt by the appellate record before us whether Dr. Harsha *himself* proved that his services were necessary. His affidavit stating that they were medically needed has, at best, a

---

**3.** Okl., 692 P.2d 548, 549–550 (1985).

**4.** *Iwunoh v. Maremont Corp., supra* note 3 at 550.

**5.** Section 14 now provides that *unless* a change in physicians is either made by agreement of the parties or has been approved by the Workers' Compensation Court or its administrator, the employer's liability is limited to $500.00. See 85 O.S.Supp.1986 § 14, whose pertinent terms are:
"* * *
"C. * * * Notwithstanding any other provision of this section, the employee may select a physician of his choice to render necessary medical treatment, at the expense of the employer; provided, however, that the attending physician so selected by the employee shall notify the employer and/or the insurance carrier within seven (7) days after examination or treatment was first rendered.
"* * *

"G. If the employee chooses a physician for treatment and subsequently changes physicians *without the approval of the Court or Administrator, or without agreement of the parties,* the *maximum liability* for the employer for the expenses of all such subsequent physicians *shall be Five Hundred Dollars* ($500.00). Provided, the limitations shall not apply to referrals by the treating physician for treatment or diagnostic procedures." (emphasis added).
*The new version of § 14 became effective November 1, 1986.*

**6.** According to the transcript, the employer's counsel stated in open court that both the employee and Dr. Harsha were "specifically notified ... [employer] would not be responsible for any treatment he [Dr. Harsha] rendered." A reasonable inference to be drawn from this statement is that § 14's notice requirements *were met.* Indeed, the employer made no attempt to show or to argue it had no notice that the medical claimant was treating the employee.

clouded evidentiary status.[7] We must accordingly remand this proceeding for reconsideration consistent with the views expressed in this opinion.[8]

### III.

### THE COURT OF APPEALS HAD *NO AUTHORITY* TO AWARD THE PHYSICIAN HIS COUNSEL FEES AND COSTS AGAINST THE EMPLOYER

After the Court of Appeals had rendered its decision for the doctor, he moved in that court for an assessment against the employer of costs and attorney's fees incurred in this review proceeding. In support of his quest Dr. Harsha relies upon 12 O.S. 1981 § 978[9] and 20 O.S.Supp.1982 § 15.1.[10] The employer argues here that neither statute is applicable. We agree.

**7.** Dr. Harsha's *adduced* evidence consists *only* of (a) his completed Form 19, (b) statement of charges and (c) his lawyer's written authorization to represent him. Although the record does contain his affidavit, *filed* July 17, 1987, stating that his charges are based upon prevailing rates and the services rendered were necessary, it is not shown by the record that the affidavit was ever offered and *admitted* in the Form 19 proceeding as part of the other evidentiary material that was introduced in evidence below to satisfy the Rule 26 proof pattern. It was not until the commencement of the intracourt appellate relief stage that the affidavit was *attached* to the physician's "request for review" (by the three-judge panel).

**8.** For other instances in which the claimant was granted a new hearing upon the reviewing court's conclusion that claimant's proof had failed under "excusable circumstances," see *Rodriquez v. Utilities Engineering & Construction*, Okl., 281 P.2d 946, 949 (1955); *Glaspey v. Dickerson*, Okl., 350 P.2d 939, 943 (1960); *Carpenter v. Douglas Aircraft Company*, Okl., 420 P.2d 911, 913–914 (1966); *Lincoln Rock Corp. v. Voyles*, Okl., 590 P.2d 186, 189 (1979).

**9.** The terms of 12 O.S.1981 § 978 provide: "When a judgment or final order is reversed, the plaintiff in error shall recover his costs, including the costs of the transcript of the proceedings, or case-made, filed with the petition in error; and when reversed in part and affirmed in part, costs shall be equally divided between the parties."

**10.** The terms of 20 O.S.Supp.1982 § 15.1 provide:

Section 978 deals with the *cost regime* for cases that come on appeal from the district courts. Even if it did apply to workers' compensation claims, *costs do not include attorney's fees unless they are explicitly included by the text of a statute.*[11]

The provisions of 20 O.S.Supp.1982 § 15.1 are patently inapplicable to this case. Under this section counsel fees may be recovered *only against a party who has brought a frivolous proceeding* or appeal. This party in the instant case is Dr. Harsha. No one here has argued that this proceeding is without merit; we certainly are unable to categorize this case as Dr. Harsha's frivolous quest for corrective relief.[12]

In sum, the Court of Appeals' costs and counsel-fee award against the employer is

"On any *appeal* to the Supreme Court, the prevailing party may petition the court for an additional attorney fee for the cost of the appeal. *In the event the Supreme Court or its designee finds that the appeal is without merit, any additional fee may be taxed as costs.*" (emphasis added).

**11.** See *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 1624, 44 L.Ed.2d 141 (1975); *Moses v. Hoebel*, Okl., 646 P.2d 601, 603 (1982) (in the absence of a contrary statute or contract, attorney's fees are not recoverable).

**12.** Costs can be recovered in the Workers' Compensation Court under the terms of 85 O.S.1981 § 30, *infra, if a claim or defense has not been based upon a reasonable ground.* This statute is equally unsupportive of Dr. Harsha's plea for counsel fees because its text does not *explicitly* address liability for another party's appeal-related *counsel fees*, which are distinguishable from costs.

The pertinent terms of 85 O.S.1981 § 30 are: "*If the Court* before which any proceedings for compensation or concerning an award of compensation have been brought, under the Workers' Compensation Act, *determines that such proceedings have not been brought on a reasonable ground,* or that denial of benefits has not been based on a reasonable ground, *the Court shall assess the total cost of the proceedings on the party, who has brought them* or the party who has unreasonably denied payment of benefits. \* \* \*" (emphasis added).

 

clearly unauthorized.[13]

CERTIORARI IS GRANTED; THE COURT OF APPEALS' OPINION AND ITS SUBSEQUENT AWARD OF ATTORNEY'S FEES AND COSTS ARE VACATED; THE TRIAL TRIBUNAL'S ORDER DENYING AN AWARD TO THE PHYSICIAN IS VACATED AND HIS CLAIM IS REMANDED FOR FURTHER PROCEEDINGS AND RECONSIDERATION CONSISTENT WITH THIS PRONOUNCEMENT.

HARGRAVE, C.J., and HODGES, SIMMS, DOOLIN, KAUGER and SUMMERS, JJ., concur.

LAVENDER, Justice, dissenting.

I would affirm the ruling of the review panel since the physician failed to establish by competent proof the necessity for the claimed medical treatments as is required by Rule 26.

WILSON, J., dissenting.

Upon review of the record, I would grant the physician's claim for medical services.

---

**13.** Today's vacation of the Court of Appeals' post-decisional June 12, 1989 order sustaining the medical claimant's motion for counsel fees and costs is *without* prejudice to Dr. Harsha's pre-mandate renewal of his quest in this court to tax against the employer those items of *pure*

costs that are legally recoverable. See *Sunrizon Homes v. American Guar. Inv.*, Okl., 782 P.2d 103 (1989); *Chamberlin v. Chamberlin*, Okl., 720 P.2d 721, 726 (1986); see also, Rule 32, Rules of the Supreme Court, 12 O.S.1981, Ch. 15, App. 1.